```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF TEXAS
                           FORT WORTH DIVISION

UNITED STATES OF AMERICA        )    4:20-CR-244-O-1
                                )
v.                              )    Sentencing
                                )
DERRICK DAEYON MURRELL          )    April 26, 2021
```

**BEFORE THE HONORABLE REED C. O'CONNOR**
*United States District Judge*
*In Fort Worth, Texas*

| | |
|---|---|
| **FOR THE GOVERNMENT:** | **MR. SHAWN SMITH** |
| | US Attorney's Office |
| | 801 Cherry St |
| | Burnett Plaza Ste 1700 Unit #4 |
| | Fort Worth, TX 76102-6882 |
| | 817/252-5200 |
| | shawn.smith2@usdoj.gov |
| **FOR THE DEFENDANT:** | **MR. WILLIAM D. COX, III** |
| | Law Offices of William D. Cox III |
| | 325 North St Paul Street |
| | Suite 2100 |
| | Dallas, TX 75201 |
| | 214-220-3111 |
| | wdc3law@aol.com |
| **FOR THE DEFENDANT:** | **MR. ROBERT G. ESTRADA** |
| | Law Office of Robert G. Estrada |
| | PO Box 2006 |
| | Wichita Falls, TX 76307-2006 |
| | 940/723-9749 |
| | Fax: 940/397-0556 |
| | estrada@wf.net |
| **COURT REPORTER:** | **MR. DENVER B. RODEN, RMR** |
| | *United States Court Reporter* |
| | 5124 Breezewind Lane |
| | Fort Worth, Texas  76123-6012 |
| | *drodenrmr@sbcglobal.net* |
| | Phone:  (214) 907-0760 |

   The above styled and numbered cause was reported by computerized stenography and produced by computer.

1      (April 26, 2021.)
2           **THE COURT**: All right. I call now case number
3  4:20-CR-244, the United States versus Derrick Daeyon Murrell.
4  Counsel for the Government is here. Counsel for Mr. Murrell
5  is here.
6           Sir, would you state your full name for the record,
7  please.
8           **THE DEFENDANT**: Derrick Daeyon Murrell.
9           **THE COURT**: All right. We are here though consider
10  the sentencing in your case.
11          Counsel, did you and your client receive a copy of
12  the Presentence Investigation Report, the addendum, the Second
13  Addendum, and the Third Addendum?
14          **MR. COX**: Yes, Your Honor.
15          **THE COURT**: Have you reviewed those documents with
16  your client?
17          **MR. COX**: Yes, Your Honor.
18          **THE COURT**: All right. Now, did the Government
19  receive these?
20          **MR. SMITH**: Yes, Your Honor.
21          **THE COURT**: So there is one objection to the denial
22  of acceptance of responsibility. Is that right?
23          **MR. COX**: Yes, Your Honor. May we approach?
24          **THE COURT**: Okay.
25      (Off-the-record discussion at the bench with counsel and

1  the Court.)
2       **THE COURT**:  Okay.  Do you wish to present any
3  evidence or arguments on the objection that goes to the denial
4  of acceptance of responsibility?
5       **MR. COX**:  I do, Your Honor.  You know, Mr. Murrell is
6  a drug addict and, you know, he pled guilty quickly.  He did
7  what he could to help himself, so to speak.  And addicts don't
8  think like you and me or people that are, you know, that are
9  addicted to drugs, and that shouldn't preclude him -- and it's
10  the discretion with the Court -- it shouldn't preclude him
11  from getting his acceptance of responsibility.  It saved the
12  Government time in preparing for trial and preparing for a
13  motion to suppress and preparing for a lot of different
14  things.  He -- I mean, he -- And what he has done since --
15  since his arrest and the fact that he is an addict, it's --
16  it's very heavy on him, especially where he is in the
17  guidelines for just drugs, no weapons involved, and on that
18  point we ask that you give him his three levels because he did
19  plead quickly and he did do things to help himself, Your
20  Honor.
21       **THE COURT**:  Very good.  I'm going to overrule the
22  objection.  The Defendant continued illegal activity while on
23  pretrial release both before his guilty plea and after his
24  guilty plea.
25       I therefore accept the fact findings contained in the

1  Presentence Investigation Report documents.
2           I adopt the probation officer's conclusions as to the
3  appropriate Guideline calculations and determine that they
4  should be as follows:
5           A total offense level of 36.
6           A Criminal History Category of IV.
7           An imprisonment range of between 262 and 327 months.
8           A supervised release range of 4 to 5 years.
9           And a fine range between $40,000 and $5 million
10 dollars.
11          Does the Government wish to be heard on sentencing?
12          **MR. SMITH**:  As the Court's discussed briefly, what's
13 aggravating particularly is the Defendant's continued use of
14 drugs and the Defendant's continued denial of drugs,
15 particularly at the last detention hearing where he testified
16 that it was from -- he testified under oath, which is the
17 basis of the obstruction enhancement, that it was for some
18 sort of supplement.  So he's not only been using drugs, but he
19 continued to deny drug use, both marijuana and cocaine, on the
20 last one and, as discussed in part E and F of the PSR, he
21 has -- on his scored Criminal History Category he had actually
22 8 unscored convictions, four of which are assaults, separate
23 assaults, over the years and one evading.
24          **THE COURT**:  Thank you.  Mr. Cox, I will turn the
25 floor over to you to present any additional information you

1  have to present.
2      **MR. COX:**  Thank you.  I will just touch on one thing.
3  I know the Court received my Sentencing Memorandum and I
4  would -- I would urge this Court for a -- for a variance based
5  on those issues put in the Sentencing Memorandum.  I -- You
6  heard me on this -- he uses cocaine and, Judge, it's just very
7  difficult when someone is an addict their entire life to turn
8  it off and --
9      **THE COURT:**  Let me just ask that.  I get this
10 frequently and I'm just curious as to your views on it.  Given
11 his addiction, why ask for pretrial release?  If -- if --
12     **MR. COX:**  I --
13     **THE COURT:**  I don't dispute that it is that difficult
14 to turn off.  I completely agree with you.
15     **MR. COX:**  May I approach and tell you, Judge?
16     **THE COURT:**  Does it have to do with your memorandum?
17     **MR. COX:**  Yes.
18     **THE COURT:**  Okay.  All right.
19     **MR. COX:**  That's the reason and --
20     **THE COURT:**  Okay.
21     **MR. COX:**  And I'm -- He is what he was and what he
22 was and he did what he did and so, yes, he was -- he got
23 pretrial release and did what we did and -- He was still an
24 addict.  It doesn't change over a period of 9 or 10 months.
25 He has been a long time user.  They knew what they were

1   getting into when it happened.  He got pretrial release,
2   Judge, and I apologize on behalf of my client.  You know,
3   he's -- he was -- he was nervous the entire time and that's
4   how addicts are.  I mean, they are just -- but he was helpful,
5   you know.
6           So we would ask for that, because the law allows for
7   that variance and so we would ask for a variance to 120 months
8   based on what he did and how he did it and even though he was
9   using, he certainly earned that 120 months.
10          **THE COURT**:  Thank you.
11          **MR. COX**:  And -- I think Mr. Estrada has some
12  witnesses, Judge, that he wants to also present on behalf of
13  Mr. Murrell.
14          **MR. ESTRADA**:  Just by profer, Your Honor.  Not
15  letters.
16          **THE COURT**:  Yes.
17          **MR. ESTRADA**:  At this time I would call the mother.
18          **MR. COX**:  And judge, his family is here.
19          **THE COURT**:  Thank you all for being here.
20          **MR. COX**:  Recent graduate of college.
21          **THE COURT**:  Congratulations.
22          **MR. ESTRADA**:  Two days ago he graduated.
23          **THE COURT**:  Fantastic.  Congratulations.
24          **MR. ESTRADA**:  Sondra Whitfield.
25          **THE DEFENDANT**:  Thanks, Judge -- Honorable

```
 1    Judge O'Connor.
 2            THE COURT:  Would you raise your right hand and be
 3    sworn.
 4        (Witness sworn.)
 5            THE COURT:  I'd be pleased to hear from you.
 6            THE WITNESS:  Okay.  Thank you, sir.
 7            THE COURT:  Thank you.
 8            THE WITNESS:  Giving all of the glory today that I'm
 9    standing here, Judge, my son, Derrick Murrell, I raised him
10    best as I could being that I was a single parent.  His dad was
11    locked up years before he could even recognize he was in the
12    world.  So I raised Derrick and later on in life I got
13    involved with the wrong people.  I ended up using drugs.  I
14    ended going to prison three times.  But the last time I was in
15    prison, God touched my heart and my mind and he let me know --
16    excuse me -- he let me know you're a good person, Tonya White.
17    You can explain things like this.  Everything you left out
18    there is not guaranteed to be there once you get back.  And I
19    lost an older son when I had been incarcerated.
20            Derrick has two younger sisters that he come.  He
21    went to school.  I got a place and -- I had a place and it
22    wasn't stable, either, and I didn't know that.
23            As the years has gone by, my son has six children,
24    which is three of them here.  Can you all stand?
25            THE COURT:  Thank you.  Thank you all for being here.
```

1   **THE WITNESS:** He has a son that graduated college two
2   days ago. These kids, they look up to him. They busy. He
3   busy, even though we in different cities, you know? He tries
4   to be the best help for other families, period. He know what
5   he done is wrong and we're all going to suffer behind it
6   because, you know -- Excuse me. It not only hurts the person
7   that's going into custody, it hurts us that's out here that
8   have to try and maintain. Me being 60 years of age, and I was
9   -- Well, we were in the process the next day, as is said, we
10  were getting ready to roll out and start our food truck and
11  put it on the line, you know. I was all excited and
12  everything until I heard this.
13       I'm asking you, Judge, you know, I know my son is
14  sorry and he has admitted to being guilty of what he have
15  done, but please, if you may, show him some lenient toward his
16  incarceration so he can get back to me and his kids, you know.
17  He take care of his children. They love him. I love him.
18       I went to prison. God changed me and I know that He
19  can change him. Derrick's not a hard person. He loves and he
20  helps everybody, anybody, you know. And this has helped him
21  and, like I said, I put it all in God's hands and I hold my
22  son, hear my voice today and know that I love and I will be
23  here waiting for his return. Thank you, Your Honor.
24      **MR. ESTRADA:** Thank you.
25      **THE COURT:** Thank you, ma'am.

1        **MR. ESTRADA:** I think the Defendant would like to
2   address the Court briefly.
3        **THE COURT:** Very good. You can just -- Yeah. Right
4   there into that microphone. And you can stay seated, if it's
5   more convenient. Yeah.
6        **THE DEFENDANT:** Your Honor, I apologize to you, the
7   courts, and to my family. With all due respect, I would first
8   like to apologize and -- that I made a poor decision. I did
9   make a poor decision.
10       **MR. ESTRADA:** You have to speak up.
11       **THE DEFENDANT:** Okay. I did make a poor decision by
12  possessing drugs and using them. I take that responsibility.
13  I did that and I apologize for the hurt that I bring upon my
14  people. For my actions, Your Honor, I do apologize. I do
15  care about life and I'm very passionate for other people and
16  their things. What that paper says I am, I'm not a -- I'm not
17  a bad person. I have done some bad things when it comes to
18  drugs. It's taken a grip on me. It's my fault that I'm here
19  in front of you today.
20       I'm asking that you help me by considering -- Excuse
21  me. I'm asking that you help me by considering the drug
22  program because, like I said, the drugs took a grip on me and
23  I do have a future. I do have plans to take care of my
24  family. I'm a family man. I've made mistakes, Your Honor.
25  Okay. This is not all about me. I do take full

responsibility for my actions, Your Honor. All I ask for is the opportunity to show I can be the changed man for the better. I know that you may hear this all the time. Everyone has their religious beliefs and make promises, but only few succeed. So I know I have the strong support system that I have, you know, or they don't be real with their self being that they don't -- they not telling they self the truth. They don't own up to they responsibility, the problems that they cause, you know. I understand what I done. I understand the situation.

I'm at the age of 43, you know. I love my mother. I love my mother. It would really hurt me if something happened to them; and I'm just sorry (crying). Excuse me, sir. This area of talk right there, you know, that's what brought this pain. You know, my older brother passed away a few years ago and I didn't think I would ever leave my mother's side like this, you know. The number of years you all are talking, you know, that's what's -- that's what's affecting me, you know, to be away from my kids and my mother and my two grandchildren.

I ask that you please help us. Allow me to take the drug program. Allow me to take that program, sir.

**THE COURT:** Thank you.

**THE DEFENDANT:** Yes, sir.

**THE COURT:** I will now state the sentence determined

1    pursuant to Title 18 you U.S.C. § 3553, treating the
2    Sentencing Guidelines as advisory only.
3           It is the judgment of the Court that the Defendant is
4    committed to the custody of the Federal Bureau of Prisons for
5    a period of 262 months.
6           I do not order a fine.
7           I do order the mandatory special assessment of $100.
8           I also order that upon your release you be placed on
9    supervised release for a term of 5 years.
10          While on release you shall comply with the terms of
11   supervision set forth in Miscellaneous Order No. 64 and as
12   outlined in Part G of the Presentence Report.
13          I accept the Plea Agreement in this case.
14          Is there any objection from the Government to this
15   sentence?
16          **MR. SMITH**:  No, Your Honor.
17          **THE COURT**:  From the Defense?
18          **MR. COX**:  Yes, Your Honor.
19          **THE COURT**:  I overrule that objection.  I believe
20   this is the appropriate sentence, given all of the facts and
21   the circumstances.  I've taken into account the information
22   presented in the Defendant's Motion For Downward Variance and
23   his Sentencing Memorandum and I have balanced that information
24   with the facts of this offense related to the cocaine,
25   methamphetamine, and marijuana in this offense as well as his

1   personal background and his parents' addictions.  But I've
2   also taken into account a number of -- the Defendant's
3   significant criminal history.  It's a long criminal history.
4   It includes violent crimes, many of which have received zero
5   criminal history points.  And therefore, to comply with
6   Section 3553, to afford just punishment, adequate deterrents
7   and protect the public, I believe this is the appropriate
8   sentence in that it is sufficient, but not great than
9   necessary, to comply with the statutory purposes of
10  sentencing.
11          Now, sir, you -- To the extent you have the right to
12  appeal, you also have the right to apply for leave to appeal
13  in forma pauperis if you are unable to pay the cost of an
14  appeal and if you decide to appeal your notice must be filed
15  within 14 days.  Please tell your counsel what you would like
16  to do in that regard and please follow your client's
17  instructions on that issue.
18          Is there anything else we should take up from the
19  Government?
20          **MR. SMITH:**  No, Your Honor.
21          **THE COURT:**  From the Defense?
22          **MR. ESTRADA:**  Yes, Your Honor.  Your Honor, we
23  request that the Court recommend that he be confined to the
24  unit closest to the Wichita Falls area.  I believe that's
25  El Reno.

1       **THE COURT:**  I will make my standard recommendation on
2  placement.  Local placement.
3       **MR. ESTRADA:**  We would ask the Court to recommend the
4  RDAP Program.
5       **THE COURT:**  To the extent he's eligible.  Okay.  Then
6  thank you both for being here.  We are in recess on this case
7  and good luck to you, sir.

I, **DENVER B. RODEN**, United States Court Reporter for the United States District Court in and for the Northern District of Texas, Fort Worth Division, hereby certify that the above and foregoing contains a true and correct transcription of the proceedings in the above entitled and numbered cause.

**WITNESS MY HAND** on this 24th day of November, 2021.

/s/ Denver B. Roden

**DENVER B. RODEN**, **RMR**
*United States Court Reporter*
5124 Breezewind Lane
Fort Worth, Tx 76123-6012
*drodenrmr@sbcglobal.net*
**Phone**: (214) 753-2298